JING JING ZHU, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney General, Respondent.

No. 08–1072–ag.

United States Court of Appeals, Second Circuit.

Nov. 19, 2008.

**102**

Liu Yu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Jing Jing Zhu, a native and citizen of the People's Republic of China, seeks review of a February 5, 2008 order of the BIA affirming the April 21, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Jing Zhu*, No. A 96 401 388 (B.I.A. Feb. 5, 2008), *aff'g* No. 96 401 388 (Immig. Ct. N.Y. City Apr. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See*

*Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Passi v. Mukasey*, 535 F.3d 98, 101 (2d Cir.2008).

We conclude that substantial evidence supports the IJ's determination that Zhu was not credible. As the IJ found, while Zhu testified that she feared arrest because of her involvement with Falun Gong, during her airport and credible fear interviews, she offered an entirely different basis for seeking asylum, namely, that her stepmother tried to force her to marry an older man and that she had been kidnapped and threatened with being sold into prostitution. Because Zhu presented "materially different accounts" of her claim of persecution, the IJ reasonably found that she was not credible. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180–81 (2d Cir.2004) ("Where the alien's airport statements and his or her later testimony present materially different accounts of his or her purported persecution, however, the inconsistencies may render the alien's testimony incredible.").[1]

The IJ also properly found that Zhu failed to submit evidence to corroborate her alleged practice of Falun Gong in the United States. Zhu argues that the IJ failed to give her notice that corroboration was required. That argument is meritless, however, as such notice is required only

---

1. Zhu argues that the BIA failed to consider her explanation for the discrepancy, namely, that she gave false statements at her airport and credible fear interviews because the snakeheads forced her to do so. To the contrary, the IJ did consider this explanation but found it lacking. We find no error in her conclusion, where Zhu's failure to acknowledge these findings in her brief to this Court constitutes a waiver of any challenge to these findings. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

when an applicant is otherwise credible. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Here, the IJ did not err in concluding that by giving admittedly false statements during her airport and credible fear interviews, Zhu "has demonstrated a propensity to lie under oath." *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007). Zhu's failure to submit corroborative evidence rendered her unable to rehabilitate testimony that had already been called into question. *See Xiao Ji Chen,* 471 F.3d at 341.

 Zhu raises two arguments for the first time before this Court: (1) that the IJ improperly declined to credit the "government-issued documentary evidence" that she submitted; and (2) that the BIA improperly failed to identify the "implausible testimony" upon which the IJ's adverse credibility determination was based. However, a petitioner is required to raise to the BIA the specific issues she later raises in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Therefore, we decline to consider these unexhausted arguments. *See Lin Zhong,* 480 F.3d at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver.").[2]

 Because the IJ properly relied on the inconsistencies and implausibilities she identified to support her adverse credibility determination, the agency's denial of Zhu's application for asylum was supported by substantial evidence. *See Corovic,* 519 F.3d at 95. Finally, because the only evidence of a threat to Zhu's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT

relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. The fact that the Government challenges only one of these arguments as unexhausted

does not alter our conclusion. *See Lin Zhong,* 480 F.3d at 107 n. 1(b).